IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TEXAS TECH UNIVERSITY, | § | |
| | § | |
| Plaintiff- | § | |
| counterdefendant, | § | |
| | § | Civil Action No. 5:05-CV-0192-C |
| VS. | § | (Consolidated with Civil |
| | § | Action No. 5:05-CV-0276-C) |
| JOHN SPIEGELBERG, Individually | § | |
| and d/b/a RED RAIDER OUTFITTER, | § | |
| | § | |
| Defendant- | § | |
| counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

The dispositive question presented by defendant-counterplaintiff's motion to recuse Judge Cummings is whether the motion is timely. Concluding that it is not, the court denies the motion.

I

These consolidated cases—one filed August 24, 2005 and the other filed April 14, 2005[1]—involve trademark infringement and related claims. After extensive proceedings, and nearly one month after Judge Cummings entered summary judgment on November 2, 2006, defendant-counterplaintiff John Spiegelberg, individually and d/b/a Red Raider Outfitter ("RRO"), filed on November 28, 2006 a motion to recuse Judge Cummings under 28 U.S.C. §§ 144 and 455. In a December 7, 2006 order, Judge Cummings expressed strong doubts

---

[1]The second case was initially filed in the Southern District of Texas and later transferred to this court.

about the timeliness and merits of the motion and rejected several of the grounds on which RRO relies.   When he reached RRO's arguments concerning recusal under 28 U.S.C. § 455(a),[2] however, he concluded out of an abundance of caution that RRO's motion should be referred to Chief Judge Fish for a final determination.   *See* Dec. 7, 2006 Order at 10-11.   Chief Judge Fish in turn referred the motion to the undersigned by order filed the same day.[3]

II

28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.

---

[2]28 U.S.C. 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

[3]One of the undersigned's sons is a resident at the Texas Tech University Health Sciences Center ("TTUHSC").   He did not receive his undergraduate or medical degree from Texas Tech University. His employment and participation in the TTUHSC residency program do not disqualify the undersigned from deciding this motion, because the undersigned's impartiality cannot on that basis be reasonably questioned.   *See* 28 U.S.C. § 455(a).

- 2 -

"Since formal terms of court were long ago abolished, the literal ten-day requirement no longer applies.  Instead, courts have simply required a party to exercise reasonable diligence in filing an affidavit after discovering facts that show bias." *Pomeroy v. Merritt Plaza Nursing Home, Inc.,* 760 F.2d 654, 658 (5th Cir. 1985).  The "statute clearly puts the burden on the affiant of showing good cause for failure to file in time." *Roussel v. Tidelands Capital Corp.*, 438 F. Supp. 684, 691 (N.D. Ala. 1977).

> To establish good cause . . . the burden [is] on the movant affirmatively to establish that it did not have notice of the alleged disqualifying facts at the time the case was assigned to the judge's docket, but that those facts were discovered subsequently and the movant's motion to disqualify was filed as soon as possible thereafter.

Ann K. Wooster, Annotation, *Timeliness of Affidavit of Disqualification of Trial Judge Under 28 U.S.C.A. § 144*, 141 A.L.R. Fed. 311 (1997) (citing *Ross v. Houston Indep. Sch. Dist.*, No. 10444 (S.D. Tex. 1977)).  Newly-discovered facts can constitute good cause for filing a motion to recuse late in the proceedings. *See United States v. Womack*, 454 F.2d 1337, 1341 (5th Cir. 1972) (holding that motion for recusal was timely filed, even though filed eleven months after judge first ruled on series of pretrial motions, when "[a]ppellant had no reason to believe the trial judge would be biased against him until word reached his counsel through the legal grapevine of comments by the judge during" an earlier trial.).  Nevertheless,

- 3 -

> [a] timely motion to recuse is one filed at
> the earliest moment after knowledge of the
> facts demonstrating the basis for the recusal.
> Although there is no per se untimeliness, the
> most egregious delay occurs when a party knows
> the facts and circumstances that would lead to
> disqualification of the judge *but does not*
> *raise the issue of recusal until after the*
> *judge makes an adverse decision.*

*Hill v. Breazeale*, 2006 WL 2528346, at *4 (5th Cir. Sept. 1, 2006)

(per curiam) (unpublished opinion) (emphasis added) (internal

quotation marks and citations omitted) (citing *Travelers Ins. Co.*

*v. Lilieberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994);

*United States v. Sanford*, 157 F.3d 987, 988 (5th Cir. 1998)).

III

RRO relies on the declaration of Stephen Spiegelberg

("Spiegelberg") to establish the merits of its recusal motion.  It

acknowledges that the declaration "was not filed within the ten day

time frame provided under the rule."  Mot. to Recuse 5.[4]  RRO

maintains, however, that there is good cause for this failure.  It

argues that Judge Cummings's "personal bias was not discovered

until after the ruling on Plaintiff's Motion for Summary Judgment,"

and that "[i]t was at that time that the Declarant was furnished

with information regarding Judge Cumming[s]'s personal bias."  *Id.*

RRO relies on Spiegelberg's declaration to establish good cause for

the late filing of the motion.  *Id.* (citing D. App. 4-5).

_____

[4]As explained above, the court does not apply a literal 10-day
standard.

- 4 -

Because RRO has the burden on the issue of reasonable diligence/good cause, and because the court is unable to ascertain from Spiegelberg's declaration the purportedly newly-discovered facts on which RRO relies as a basis for the assertion of good cause, the court holds that the motion must be denied as untimely. The issue of timeliness is addressed in ¶ 5 of Spiegelberg's declaration.  He begins with the conclusory assertion that "[t]he bias and prejudice of Judge Cummings were not discovered until very recently," and he ends with the equally conclusory allegation that his "[declaration] and the Motion to Recuse were filed as soon as the bias and prejudice of Judge Cummings were discovered." D. App. 5.  In between these averments, Spiegelberg offers three sentences to support the assertion of good cause for the late filing of RRO's motion: first, that "RRO hired a private investigator to follow Judge Cummings and watch him attend the Texas Tech University game," *id.*; second, that "extensive research was uncovered recently with respect to [Judge Cummings's] other rulings when Texas Tech University was a part[y] to a suit in front of Judge Cummings," *id.*; and, third, that "not until the ruling on Texas Tech University's Motion for Summary Judgment, did news and journalist reporters begin investigating into Judge Cumming[s]'s partiality," *id.*

Regarding the first assertion, other evidence on which RRO relies shows that the investigator was hired no later than the

September 2, 2006 football game, *see id.* at 2, almost three months before RRO filed the recusal motion.   Although the fact that the private investigator's report was not made available to RRO until November 2, 2006[5] might provide an excuse for an initial delay in moving for recusal, it does not justify additional further dilatoriness.   RRO offers no explanation for the 26-day delay between receipt of the investigator's report and filing the motion. A timely motion to recuse is one filed at the earliest moment after knowledge of the facts demonstrating the basis for the recusal. *Hill*, 2006 WL 2528346, at *4; *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir. 1976) ("[T]he law is well settled that one must raise the disqualification of the judge at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification." (citing *Satterfield v. Edenton-Chowan Bd. of Educ.*, 530 F.2d 567, 574-75 (4th Cir. 1975)).   The delay involved here does not satisfy that standard.

As to the second assertion, RRO does not explicitly identify the rulings that it supposedly uncovered or when it uncovered them (other than that it did so "recently").   This is fatal to RRO's motion.   Moreover, the only rulings that Spiegelberg does specifically identify in his declaration are found in ¶ 2.   *See* D.

---

[5]RRO's evidence shows that Barnes and Associates did not receive the report from the investigator in Lubbock until October 29, 2006, and the report was not forwarded to RRO until November 2, 2006.   D. App. 2.

App. 4.  If it is these decisions on which RRO relies, it cannot show reasonable diligence or good cause.  Judge Cummings's decision in the *Poduslo* case was issued nearly five years ago.  *See id.* at D. App. 4, 7.[6]  And the motion to recuse that the defendant filed in *Butler* was filed over three years ago, on September 25, 2003.  *See id.* at 14.  The court is therefore unable to find that RRO recently uncovered any rulings favorable to Texas Tech and then, after discovering facts that showed bias, exercised reasonable diligence in moving for recusal.

Concerning the third allegation, Spiegelberg fails to specify the supposedly newly-discovered facts on which RRO relies that are purportedly contained in news articles.  Many of the facts that might have been the subject of these press reports, such as the fact that Judge Cummings is a Texas Tech University graduate, occurred as far back as 1967.  Obviously, the inclusion of this information in a recent news article would not provide good cause for a late-filed recusal motion or demonstrate reasonable diligence.  And the article RRO includes in its appendix from *The Plain Dealer* shows that it was printed from the Internet on September 7, 2006, *id.* at 23, over two months before RRO filed its recusal motion.  Because RRO has failed to specify the facts on which it relies, the court has no basis for concluding that the

---

[6]*Poduslo* is also spelled "Paduslo" in RRO's appendix.  D. App. 4.

articles contained additional facts of which RRO was not already aware.

Finally, "the most egregious delay occurs when a party knows the facts and circumstances that would lead to disqualification of the judge but does not raise the issue of recusal until after the judge makes an adverse decision." *Hill*, 2006 WL 2528346, at *4. Judge Cummings has presided over these consolidated cases since 2005, and on November 2, 2006 he entered a summary judgment ruling that was adverse to RRO.   Twenty-six days later, RRO moved to recuse him, supposedly on the basis of newly-discovered facts.   RRO has failed to establish that it did not know beforehand of the facts and circumstances that would lead to disqualification.   Among other evidence in the record, the facts that RRO's private investigator began surveilling Judge Cummings on September 2, 2006 and that *The Plain Dealer* article was printed from the Internet on September 7, 2006 undermine the premise that RRO was unaware.

RRO has failed to demonstrate reasonable diligence or good cause for failing to file a timely motion under 28 U.S.C. § 144 to recuse Judge Cummings.   Accordingly, the motion must be denied as untimely.

*       *       *

Defendant-counterplaintiff's November 28, 2006 motion to recuse is denied.

**SO ORDERED.**

December 11, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 9 -