IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TEXAS TECH UNIVERSITY, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN SPIEGELBERG, Individually and | ) | Civil Action No. 5:05-CV-192-C |
| d/b/a RED RAIDER OUTFITTER, | ) | (Consolidated with |
| | ) | Civil Action No. 5:05-CV-276-C) |
| Defendant/Counter-Plaintiff. | ) | ECF |

**<u>ORDER</u>**

The parties indicated that they have reached a settlement in the case. Thus, the dispute between the parties is no longer before the Court. Although the settlement resolves the dispute between the parties, it does not obviate the need for further action on what can be described as a matter of upmost importance to this Court, that is, the conduct of attorneys admitted to practice before this Court and the perception of the impartiality of this Court.[1] Justice requires that a

---

[1] A voluntary dismissal does not expunge a violation by counsel. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). If mere dismissal of the case could purge sanctionable conduct, there would be no incentive to "stop, think and investigate more carefully before serving and filing papers." *Id.* (quoting Advisory Comm. Notes on Fed. R. Civ. P. 11 (1993 Amend.)).

Although Texas Tech University filed a Notice of Withdrawal of its previously filed Motion for Sanctions because the Settlement Agreement entered into between the parties required it to do so, the Court takes judicial notice of the documents cited in the Brief in Support of the Motion for Sanctions. Those documents were not part of the withdrawn motion but instead were included in an appendix related to the Motion to Recuse. In addition there has been ample press and media coverage in which Stephen Spiegelberg and counsel Barnes have made statements regarding the matters set forth herein.

judge be fair and unbiased in carrying out his or her duties and that the public maintain a confidence that such will be the reality when a case is before a judge.

After receiving an adverse ruling, Defendant/Counter-Plaintiff, John Spiegelberg, Individually and d/b/a Red Raider Outfitter ("RRO"), filed a Motion to Recuse.[2] "In the wrong hands, a disqualification motion is a procedural weapon to harass opponents and delay proceedings." *United States v. Microsoft Corp.*, 253 F.3d 34, 108 (D.C. Cir. 2001). "If supported only by rumor, speculation, or innuendo, it is also a means *to tarnish the reputation* of a federal judge." *Id*. (emphasis added). It appears from the record that RRO, Stephen Spiegelberg, and counsel Stacey Barnes ("Barnes") have attempted to either tarnish the reputation of a sitting United States District Judge or gain a tactical/procedural advantage by publishing baseless and false statements in a Motion to Recuse filed herein. Specifically, they falsely stated that this judge was biased in favor of Plaintiff/Counter-Defendant, Texas Tech University ("Tech"), for receiving gifts from Tech in the form of season tickets to sporting events and preferred reserved parking to sporting events.[3] Filed in support of a motion to recuse,

---

[2] The record in this case provides adequate background for this issue and the Court will not reiterate what has already been discussed in the prior adverse ruling and the order on the Motion to Recuse.

[3] The Court is aware that other federal judges have been entangled in issues involving free tickets to sporting events from universities that appeared as parties in actions before those judges. It may be that RRO, Spiegelberg, and counsel Barnes viewed this as a hopeful circumstance in their case before this Court in an attempt to get a adverse summary judgment ruling reversed. Or it may be that counsel Barnes was seeking any avenue, no matter how unlikely, to get the adverse ruling reversed because of his failure to properly direct the Court (as required by precedent and rules of procedure) to summary judgment evidence that would create a genuine issue of material fact on the damage amount, which failure resulted in a ruling adverse to his client involving a large damage amount.

Stephen Spiegelberg's Declaration, sworn under penalty of perjury, clearly contained false statements of fact. Specifically, the Declaration of Stephen Spiegelberg stated as fact:

> I have personal knowledge of the [sic] all the facts stated in this declaration and those facts are true and correct.
>
> * * *
>
> Judge Cummings attends Texas Tech games and parks in a reserved parking lot. The season tickets Judge Cummings has, along with the parking pass, were a gift from the University. Judge Cummings exercises at the Texas Tech University facility.

(Def.'s App. in Supp. Mot. Recuse [Doc. #173] at 4.)[4] Counsel Barnes certified those factual assertions in his Certificate of Good Faith filed in conjunction with the Motion to Recuse.[5]

Not only was there a lack of evidentiary support for the Motion to Recuse, but it is unreasonable for counsel Barnes to have filed the Motion to Recuse along with the Declaration and Certificate of Good Faith without conducting any rudimentary investigation of the facts or of legal precedent regarding the timing and grounds for such a motion.[6] The Certificate of Good Faith is designed to protect against an untruthful affidavit. *Morrison v. United States*, 432 F.2d

---

[4]Plaintiff provided evidentiary support refuting Spiegelberg's statements in its Opposition to Motion to Recuse [Doc. #180], and the Court entered an Order dated December 7, 2006 [Doc. # 184] in which those factual assertions were unequivocally denied as untrue. (Order dated Dec. 7, 2006 at 11, n.8.)

[5]Although the Motion to Recuse did not contain the certificate of good faith required by 28 U.S.C. § 144 when the Motion to Recuse was first filed by Barnes on November 28, 2007, Barnes corrected that omission on November 29, 2006, by filing his Certificate of Good Faith for John Spiegelberg's, d/b/a Red Raider Outfitters', Motion to Recuse [Doc. #174].

[6]Though the Court chooses not to proceed at this time with any disbarment sanctions, there is United States Supreme Court precedent for such a sanction. Counsel Barnes could have been made to show cause why he should not have been subjected to disbarment from this Court based upon his Certification of Good Faith. *See Berger v. United States*, 255 U.S. 22, 33-35 (1921) ("connivance therein of counsel, *thereby subjecting him to disbarment*" from filing a certificate of good faith certifying false statements) (emphasis added).

1227, 1229 (5th Cir. 1970). "The requirement [for a certificate] is founded on the assumption that counsel will not execute a certificate in *reckless disregard for the truth*." *Id*. (emphasis added); Fed. R. Civ. P. 11(b) ("the best of the person's knowledge, information, and belief, formed *after an inquiry reasonable under the circumstances*") (emphasis added).

It is clear that counsel Barnes, at best, failed to perform any type of due diligence before filing the Motion to Recuse or the Good Faith Certificate. At worst, he purposefully filed the Motion and Certificate knowing the information contained therein was false and without any evidentiary support. (App. in Supp. Pl.'s Opp. Mot. Recuse [Doc. # 180] at 7-8 ("Here again is attorney Stacey Barnes. 'I personally have no knowledge of that allegation being true.'"); *id*. at 18 ("[S]ome evidence of that? The answer is no. . . .")); (App. in Supp. Def.'s Mot. Recuse [Doc. #173] at 3 ("although we haven't been able to establish [a connection with your Person of Interest and Texas Tech]")).[7]

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact,

---

[7]It is clear that Barnes had no basis for believing the allegations were true; however, he also failed in later filings to change his Certification of Good Faith "based on fact and on reasonable evidence." (Cert. Good Faith [Doc. # 174] at 2); *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 n. 18 (5th Cir. 1994) ("if facts are discovered that show that there is no longer a good faith basis for a position taken by a party, a pleading, motion, or other paper signed after those facts come to light reaffirming that position can be the basis of a violation of the rule"). Barnes signed a Notice of Appeal to appeal the ruling by Judge Fitzwater on the Motion to Recuse. Thus, he apparently reaffirmed the position taken in the Motion to Recuse and the Certificate of Good Faith.

Moreover, Barnes signed the Motion to Recuse and Certificate even after his own investigator's report stated that "[w]e have tried several avenues to seek a possible connection with your Person of Interest and Texas Tech, although we haven't been able to establish that. . . ." (Def.'s App. in Supp. Mot. Recuse at 3.) The evidence appears to show that RRO's attorney was responsible for hiring the private investigator. (Def.'s App. in Supp. Mot. Recuse at 2-3 (investigator's letter addressed to Barnes and Associates)).

legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell*, 496 U.S. at 393 (quoting Advisory Comm. Note on Rule 11). The filing of complaints, papers, or other motions without taking the necessary care in their preparation is a separate abuse of the judicial system. *Id.* at 398. "An attorney's good faith is no longer enough to protect him" from action by a court relating to abuse of the judicial system. *Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1127 (5th Cir. 1987). Additionally, this Court's inherent power to sanction for bad-faith conduct is not displaced by rule or statute. *See Chambers v. NASCO*, 501 U.S. 32, 46 (1991). "[I]n the informed discretion of the court, . . . it may safely rely on its inherent power" if the rules do not provide an adequate remedy. *Id.* at 50.

Barnes has stated in an interview with the media that, prior to filing the Motion to Recuse, neither he nor his client attempted to perform the simplest of reasonable inquiries by requesting information from Tech as to who has been given free tickets and parking passes to sporting events. (Pl.'s App. in Supp. of Opp. Mot. Recuse at 18 ("Barnes did not ask the university for documents regarding complimentary tickets or other perks, he said. . . . 'We figured that would be a pointless quest there.'")).

Rule 8.02 of the Texas Disciplinary Rules states that "a lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge." *United States v. Nolan*, 472 F.3d 362, 370-72 (5th Cir. 2006) (finding no fault with the district court's position that "an attorney who makes [a statement concerning the integrity of a judge] be able to provide evidence sufficient to justify his good-faith belief in the truth of those assertions"); Tex. Disciplinary R. Prof'l Conduct 8.02.

If, as in this instance, a lawyer knows or learns that a client is likely to or has already committed a criminal or fraudulent act, "the lawyer shall make reasonable efforts under the

circumstances to persuade the client to take corrective action." Tex. Disciplinary R. Prof'l Conduct 1.02(c - e).  Moreover, when "a lawyer knows that a client expects representations not permitted by the rules of professional conduct or other law, the lawyer shall consult with the client regarding the relevant limitation on the lawyer's conduct." *Id*. at 1.02(f).  A lawyer also "shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous." *Id*. at 3.01.  Likewise, "a lawyer shall not take a position that unreasonably increases the costs or other burdens of the case or that unreasonably delays resolution of the matter." *Id*. at 3.02.[8]  Additionally, a "lawyer shall not knowingly:  (1) make a false statement of material fact or law to a tribunal; (2) fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act; . . . (5) offer or use evidence that the lawyer knows to be false." *Id*. at 3.03.[9]  "If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall make a good faith effort to . . . correct or withdraw false evidence." *Id*. at 3.03(b).  "[T]he lawyer shall take reasonable remedial measures, including disclosure of the true facts." *Id*.[10]

---

[8]It certainly appears that RRO, Stephen Spiegelberg, and counsel Barnes attempted to engage in ill-conceived machinations to delay, obstruct, and prevent the entry of a final judgment and injunction after receiving an adverse ruling.

[9]*See also* Tex. Disciplinary R. Prof'l Conduct 4.01 ("In the course of representing a client a lawyer shall not knowingly:  (a) make a false statement of material fact or law to a third person; or (b) fail to disclose a material fact to a criminal act or knowingly assisting a fraudulent act perpetrated by a client.").

[10]Here, counsel Barnes knew from the time he filed the Motion to Recuse along with the perjurious Declaration and his Good Faith Certificate that there was no evidentiary support for the false allegations relating to free tickets and parking passes.  Yet, counsel Barnes never attempted to withdraw the motion and false statements or take any remedial action whatsoever.  Rather, counsel Barnes filed a notice of appeal to appeal the adverse ruling of Judge Fitzwater denying the Motion to Recuse.

Finally, "a lawyer shall not make extrajudicial statements that a reasonable person would expect to be disseminated by means of a public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicatory proceeding . . . [and] a lawyer shall not counsel or assist another person to make such a statement." *Id*. at 3.07. These extrajudicial statements apply when "the character, credibility, [or] reputation" of a party, and in this instance the sitting judge as well, are referred to in the statement. *Id*.[11]

The Court will not directly sanction Barnes or his client John Spiegelberg at this time. However, the Court, having considered the conduct exhibited by Barnes, hereby warns him that should he repeat such outrageous conduct and behavior in this Court in the future he will be sanctioned accordingly.

The Clerk shall serve a copy of this order on the Office of the Chief Disciplinary Counsel of the State Bar of Texas, 300 La Costa Center, 6300 La Calma Drive, Austin, Texas 78752, to be considered as a grievance filed by this Court[12] and for any other action that the State Bar of

---

[11]While this case was pending, both prior to and subsequent to this Court's summary judgment ruling, RRO maintained a website criticizing the ruling and questioning this Court's impartiality based upon the false factual assertions relating to the free tickets and parking passes. Further, RRO and its attorney made numerous comments to the press and by way of media releases relating to the same false factual assertions. Moreover, they further questioned the credibility and reputation of Tech by implying that Tech had unduly influenced a sitting judge by way of giving gifts.

[12]The Court believes that this order will serve as a grievance based upon precedent within this circuit. "[U]nder authority of Canon 3(B)(3) of the Code of Conduct for United States Judges, the court forwarded a copy of the opinion to the State Bar of Texas." *In re Thomas*, 2007 WL 654241, *3-4 (5th Cir. March 1, 2007) (unpublished opinion) (recognizing a bankruptcy court's right to forward the opinion to State Bar of Texas); *In re Wesolick*, 2006 WL 2431990 at *3 (Bkrtcy S.D. Tex. August 17, 2006); *Phillips ex rel. Estate of Fullingim v. First Nat'l Bank of Weatherford*, 258 F. Supp. 2d 501, 507-08 (N.D. Tex. 2002) (Means, J.) (ordering copy of order be forwarded to Grievance Committee).

Texas may deem appropriate. The Clerk shall also serve on the Office of the Chief Disciplinary Counsel of the State Bar of Texas copies of the following documents filed in this case:

(1) John Spiegelberg's, d/b/a Red Raider Outfitters', Motion to Recuse [Doc. # 172];

(2) Appendix in Support of John Spiegelberg d/b/a Red Raider Outfitters' Motion to Recuse [Doc. # 173];

(3) Certificate of Good Faith for John Spiegelberg's, d/b/a Red Raider Outfitters', Motion to Recuse, signed by Stacey Barnes [Doc. # 174];

(4) Plaintiff's Opposition to Defendant's Motion to Recuse [Doc. # 180];

(5) Appendix in Support of Plaintiff's Opposition to Motion to Recuse [Doc. #180-2];

(6) Order filed December 7, 2006, referring the Motion to Recuse to Chief Judge Fish [Doc. # 184]; and

(7) Memorandum Opinion and Order signed by Judge Sidney A. Fitzwater and filed December 11, 2006, denying the Motion to Recuse [#186].

SO ORDERED this 7th day of March, 2007.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT